**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HEGONG WANG, | No. 13-70089 |
| Petitioner, | Agency No. A099-732-334 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014[**]

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Hegong Wang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from the immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review de novo claims of due process violations. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Wang's testimony regarding the location of his church in the United States, and the IJ's negative demeanor finding. *Shrestha*, 590 F.3d at 1048; *see also Singh-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir. 1999) ("We give 'special deference' to a credibility determination that is based on demeanor."). Substantial evidence also supports the agency's determination that Wang's witness and documentary evidence failed to sufficiently rehabilitate his testimony or independently establish his claim for relief, *see Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014). In the absence of credible testimony, Wang's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Wang's CAT claim fails because it is based on the same testimony the agency found not credible, and Wang does not point to any other evidence in the

2                                                                                          13-70089

record that compels the conclusion that it is more likely than not he would be tortured by or with the acquiescence of a public official in China. *See id.*, 348 F.3d at 1156-57.

Finally, we reject Wang's claim that the IJ pre-judged his case or was predisposed to discredit his testimony. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**